### BYRNE *v.* KNICKERBOCKER ICE CO.

(*Superior Court of New York City, General Term.* January 7, 1889.)

HIGHWAYS—RIGHT OF WAY.

> Since, under Laws N. Y. 1879, c. 186, an ambulance is entitled to the right of way against an ice wagon, the ambulance driver may assume that the driver of the ice wagon will heed the ambulance bell and the driver's shouting, and, where the ambulance driver was injured by a collision, a judgment for damages will not be disturbed, if the issues were fairly submitted, and the burden of proof imposed on plaintiff.

Appeal from jury term.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Maclay & Forrest* and *Albert Stickney*, for appellant. *Isaac Fromme*, (*Arthur C. Palmer*, of counsel,) for respondent.

FREEDMAN, J. The action was brought to recover damages for personal injuries sustained by the plaintiff in a collision between an ambulance driven by him and an ice wagon driven by a servant of the defendant. Upon the question of defendant's negligence and plaintiff's contributory negligence, the case, upon all the facts and circumstances disclosed at the trial, was one for the consideration of the jury, especially as, under chapter 186 of Laws 1879, the ambulance was entitled to the right of way against the ice wagon, and the plaintiff, in a certain aspect of the case, had a right to assume that defendant's driver would pay proper heed to the ringing of the ambulance bell and plaintiff's shouting, which were fully and fairly submitted to the jury under a charge which placed the burden of proof upon the plaintiff, and in all other respects carefully guarded all the rights of the defendant. Upon the

whole case no error appears in the charge, or the refusals to charge, upon the question of damages, nor can it be held that the verdict is excessive. The record disclosing no ground for reversal, the judgment and order should be affirmed, with costs. All concur.